**Narine Mkrtchyan, Esq. (SBN 243269)**
**MKRTCHYAN LAW**
225 S. Lake Ave, Suite 300
Pasadena, CA 91101
Telephone:      (818) 388-7022
Web:            www.narinelaw.com
Email:          narine57@gmail.com


Attorney for Plaintiff George Ricks


# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| GEORGE RICKS, | No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | 1.  Violation of Civil Rights<br>       (42 U.S.C.   §1983) |
| CITY OF POMONA, AUSTIN DOSSEY #42108, individually and as a peace officer, CORPORAL JESUS GARCIA #30043, individually and as a peace officer, CORPORAL ADAM VIERS #40956, individually and as a peace officer, individually and as a peace officer, and DOES 1-10. | 2.  *Monell* Claim<br>       (42 U.S.C. §1983)<br>3.  Violation of Civil Rights<br>       (42 U.S.C §1985(2))<br>4.  Violation of Civil Rights<br>       (42 U.S.C. §1985(3)) |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| _____ | |

1

## JURISDICTION

1.       Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.       At all times herein mentioned, Plaintiff GEORGE RICKS was an African-American resident of the County of Los Angeles, City of Pomona.

3.       At all times herein mentioned, Defendants AUSTIN DOSSEY #42108, CORPORAL JESUS GARCIA #30043, CORPORAL ADAM VIERS #40956, and DOES 1-10, inclusive and each of them, were employees of the CITY OF POMONA, and the POMONA POLICE DEPARTMENT.

4.       Defendant CITY OF POMONA (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the POMONA POLICE DEPARTMENT (PPD) and particularly said Department's Patrol, Internal Investigations and

Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

5.      Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484 and FRCP Section 15.

6.      Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7.      The incident occurred at approximately 21:00 hours of September 29, 2016 in front of 1482 Cordova St, City of Pomona, an apartment complex, wherein Plaintiff resided together with his mother, Ms. Hilda Sibley. Defendants were called for a domestic disturbance, initiated by Plaintiff's neighbor and ex-girlfriend, Ms. Bonita Montoya, who had bit him in the hand and attempted to strike him during a verbal dispute in the courtyard of the complex. Plaintiff was seated on the stairs to the front of the residence with a fresh wound as the Defendants arrived. Plaintiff explained to Defendants what happened. While investigating the disturbance, DOSSEY went to speak with Ms. Montoya as VIERS and GARCIA were detaining Plaintiff in the courtyard who was not yet in handcuffs, nor under an arrest. As DOSSEY came back, he went up the stairs to

3

Plaintiff's residence, where his mother, Ms. Hilda Sibley, was standing. With knowledge that no guns were involved in the alleged commission of the crime he was investigating, DOSSEY told her by law he needed to see if there was a handgun in the house and asked if he could enter the house. Ms. Sibley refused to consent, and turned to her son, seated downstairs, shouting to him, asking if he gave the police permission to search his room. Plaintiff loudly and unequivocally shouted, 'Do not let them in'. Ms. Sibley told DOSSEY, 'He doesn't want you in my house.' DOSSEY nevertheless went into the house, without permission by anyone, any exigency or a search warrant, almost knocking Ms. Sibley down, went straight to the bedroom, started opening the drawers of the dresser, with Ms. Sibley protesting in distress, "This is not right. You should not be doing this. This is illegal." After searching the drawers, DOSSEY located a gun in the third drawer, telling Ms. Sibley, 'There you go, here is a gun, m'am'. Neither VIERS nor GARCIA, present and aware of the foregoing, intervened and stopped DOSSEY's unconstitutional activity of entering the home without consent, exigency or search warrant.

As DOSSEY went downstairs with the gun, he confronted Plaintiff, asking him if the gun was his. Without determining the primary aggressor, Defendants placed both Plaintiff and Ms. Montoya under arrest for PC 273.5 (domestic violence with injuries) when Plaintiff had visible injuries and was bleeding, necessitating medical treatment at scene and later at hospital. Plaintiff was also arrested for felony PC 29800 (a)(1), possession of a handgun by an ex-felon after an unlawful search of the house, and was committed to custody. At the station, DOSSEY interrogated Plaintiff regarding the ownership/knowledge of the gun. Plaintiff denied knowledge/ownership of the gun.

Thereafter, DOSSEY willfully concocted a false story, in attempts to justify the illegal search of the house. He wrote in his official crime and arrest report, that after he learned from Ms.

4

Montoya that Plaintiff owned a gun and kept it in his dresser, he asked for permission from Ms. Sibley to enter the house and search it for any handguns and she expressly and unequivocally granted him permission. He omitted the fact that both Plaintiff and Ms. Sibley expressly refused consent. He further wrote that when he entered the house and approached the Plaintiff's bedroom, he saw the gun laying in plain view in the open dresser drawer as he was standing at the threshold of the bedroom. He omitted the fact that despite the protestations by Ms. Sibley he actually entered her son's bedroom, searched the dresser, by opening the drawers and looking inside for the gun, confirmed by the audio recording of the incident in possession of the Pomona Police Department. He further falsely wrote in his report that after he took Plaintiff to the station, after a Miranda admonition, Plaintiff confessed the gun belonged to him.

In furtherance of the conspiracy and in efforts to mislead the prosecution, Defendants VIERS and GARCIA actively corroborated DOSSEY's false story. Defendant VIERS wrote a supplemental report where he willfully omitted any mention of Ms. Sibley asking Plaintiff as he was standing by the stairs detained by VIERS and GARCIA, if he granted the police permission to enter the house, and his unequivocal negative response. Neither VIERS nor GARCIA, both of superior rank and involved in the investigation, attempted to bring these falsifications by DOSSEY to the attention of the superiors when they had the knowledge and duty to do so. They further failed to activate their recorder to record the incident. Defendant GARCIA was the superior officer for DOSSEY during the period of time and in charge of supervising DOSSEY, and yet failed to properly supervise him, culminating in the constitutional deprivation of rights to Plaintiff.

In furtherance of the conspiracy to deprive Plaintiff of his rights, mislead prosecutors, the courts and to fabricate plausible justifications for their behavior, DOSSEY and VIERS offered their false crime and arrest reports to the Los Angeles County District Attorney's Office.

5

DOSSEY knew that he made an unlawful search of the apartment for a handgun that was not connected to the commission of the domestic disturbance he was dispatched to investigate, and to justify the search, he falsified the report, by representing that Ms. Sibley granted him express permission to enter the house and the gun was visible in plain view.

DOSSEY and VIERS submitted their false police reports to the Los Angeles County District Attorney's Office, causing the filing of PC 29800(a)(1), criminal felony charge of possession of firearm by a felon against Plaintiff in People v. George Edward Ricks, KA 113637. DOSSEY testified at the preliminary hearing under oath, offering a perjured testimony, maintaining his false assertions from the official report, materially discredited by the evidence produced by the defense in the form of live witnesses and documentary evidence. Despite DOSSEY's false assertions, after a hearing on December 14, 2016 the Superior Court judge Honorable Robert Martinez expressly found that there was no consent to enter the home and the search was in violation of the Fourth Amendment. This culminated in the eventual dismissal of the felony charge against Plaintiff.

On December 15, 2016 Plaintiff filed a citizen complaint against the Defendants with the Internal Affairs of the Pomona Police Department. After a lengthy investigation, the allegations against DOSSEY for making false statements and abuse of police powers were sustained in August 2017. The allegations against VIERS and GARCIA for failure to activate their recorder were likewise sustained. In July 2017 DOSSEY was terminated from his appointment as a peace officer from PPD, based on his performance that was brought to public light by other pending lawsuits against him, most notably Barden v. City of Pomona et al. (USCDC 2:16-cv-08468) and the ongoing FBI investigation of the PPD.

Plaintiff suffered loss of employment, shock to his nervous system, emotional distress and

6

pain and suffering as a result of the combined actions of the Defendants.

## FIRST CAUSE OF ACTION
### (VIOLATION OF CIVIL RIGHTS – UNREASONABLE SEARCH AND SEIZURES, FALSE ARREST, FALSE CONFESSION, IMPRISONMENT, JUDICIAL DECEPTION, MALICIOUS PROSECUTION AND CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS - 42 U.S.C. § 1983)

### (By Plaintiff Against All Individual Defendants)

8.      Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

9.      This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

10.      Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants AUSTIN DOSSEY #42108, CORPORAL JESUS GARCIA #30043, CORPORAL ADAM VIERS #40956 and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of rights secured to them by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable detentions, unreasonable searches and seizures, unlawful interrogation, in that Defendants and each of them, subjected Plaintiff to a groundless booking and jailing, a fraudulent criminal prosecution and a corrupt conspiracy to deprive the plaintiff of rights secured to him by the United States Constitution.

11.     The aforementioned acts and omissions were committed in accordance with widespread policies, practices and customs maintained by CITY OF POMONA and PPD as elaborated hereinafter at paragraphs 18-23.

12.     Defendants, and each of them, quickly and spontaneously reached meeting of minds to cover up their wrongdoing by falsely accusing plaintiff of crimes defendants knew Plaintiff had not committed, and carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict plaintiff on false charges manufactured and collectively supported by defendants.

13.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

14.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

15.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupation, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

16.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

17.     The aforementioned acts and omissions of Defendants were committed by each of

them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff' constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION

### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiff Against Defendant CITY)

18.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 17 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

19.     Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Pomona Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

20.     At all times herein mentioned, Defendants, and each of them, were employees acting under the CITY'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth, Fifth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers

who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the CITY and PPD.

21.     Defendant CITY and PPD knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by CITY and PPD.

22.     The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY and PPD include, but are not limited to:

(1)     Defendant CITY, PPD had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward minority detainees and arrestees and refused to enforce established administrative procedures to insure the safety of detainees and arrestees. Specifically, CITY, PPD knew Defendants AUSTIN DOSSEY #42108, CORPORAL JESUS GARCIA #30043, CORPORAL ADAM VIERS #40956 and DOES 1-10, inclusive and each of them, had in the past committed acts of police abuse, dishonesty and prevarication against members of the public, most of them members of protected minority classes, Hispanics or African-Americans;

(2)     Defendant City, PPD had knowledge, prior to this incident, of the well-publicized incident on September 16, 2015 when Defendant DOSSEY was involved in the arrest and brutal beating of 16-year old Christian Aguilar at the Los Angeles County fair, claiming falsely he hit them. The beating was recorded by witness Robert Hanson, which then instigated an FBI investigation into the

PPD and the involved officers. Christian's father was falsely arrested for public intoxication, based on DOSSEY'S false reports. (Aguilar et al. v. City of Pomona, et al. 2:16-cv-05804, US District Court). As a result of that incident, on October 25, 2017 the United States Attorney indicted Pomona police officers, including Internal Affairs Sergeant Michael Neiderbaomer for fabricating reports, lying to the FBI, and covering up and refusing to properly investigate the officers' unlawful actions as it was customary at the PPD. (USA v. Jensen et al. CR 17-0674-PSG).

(3)     Other similar examples include the brutal beating of James Michael Barden on November 16, 2015 by PPD officers and Defendant DOSSEY here, wherein Mr. Barden sustained a fractured skull after being hit multiple times by radios, fists and flashlights on his head while lying on the ground helpless. Therein Defendant DOSSEY had fabricated reports claiming Barden had punched him in the stomach and that Barden had been actively resisting him and other officers. (Barden v. City of Pomona, et al. 2:16-cv-08468). When the Internal Affairs investigated this incident, DOSSEY was placed on the Brady list of the LA County DA's Office as it was uncovered that he had lied about activating his lights and sirens in the official crime and arrest report, making up the necessary element for felony evading for Barden.

(4)     Similarly, the PPD was aware of the incident with the Pelayo brothers on October 6, 2015, when DOSSEY maliciously and intentionally fabricated reports causing criminal charges filed, alleging that similar to Barden, Jose Pelayo punched him in the stomach, making up the element for felony resisting, that he booked him for along with the other brothers. DOSSEY omitted his malicious use of force against Jose Pelayo that caused lasting injuries, claiming Jose sustained them accidentally by tripping and falling. There he claimed all three brothers

11

confessed to using force against him and his fellow officer(s), by attributing incriminating statements to them, thereby adding false confessions to the police reports. That case is pending in USCDC, <u>Pelayo et al. v. City of Pomona, et al. 17-07292 (PSG-SK).</u>

(5)     Similarly, PPD was aware that DOSSEY was involved in the arrest of an African-American Todd Davie in June of 2016, when inmate Davie asked for medical treatment due to a heart condition, but was maliciously denied by DOSSEY, who retorted mockingly 'Are you dying?' The delayed medical attention caused heart complications to Mr. Davie. Mr. Davie's complaint with the PPD's Internal Affairs was investigated and the allegation against DOSSEY was sustained.

(6)     Defendant CITY, PPD employed and retained Defendant DOSSEY with full knowledge he had worked at the Rialto Police Department with similar pattern of misconduct, exemplified most starkly in the lawsuit by Andre Lamont Grayson, alleging brutal actions by DOSSEY and fellow Rialto PD officers causing severe injuries. <u>Grayson v. San Bernardino County et al</u>, 5:15-cv-00145-VBF-E.

(7)     Defendant City, PPD were also aware of the shooting of unarmed Hispanic, Daniel Aguilar, in December 2015 by DOSSEY, who falsely claimed Aguilar was armed and dangerous and his action was in self-defense. That case is pending in USCDC <u>Aguilar v. City of Pomona et al</u>. 2:17-cv-08492-PSG-AFM.

(8)     Similarly, PPD officers were involved in the vicious and unjustified assault and beating of a Hispanic off duty LAPD officer Sergio Arreola on April 11, 2012. Defendant PPD officers are reported in a January 2014 Los Angeles Times article as theatrically screaming 'Stop resisting!' for the benefit of bystanders when the victim was not but instead kept pointing out he was not

resisting and begged witnesses to record the misconduct.

(9)      Other similar examples where officers claim the victims were resisting include the assault on Cynthia Villalpando, as Hispanic American, by two Pomona officers on March 6, 2015, and the repeated violent prohibited head strikes against Hildred Oliney on October 13, 2015 while he was lying defenseless on the ground.

(10)      Defendant CITY, PPD failed to do adequate background investigations as required by Cal. Gov. C. 1031 before hiring of Defendants and other PPD officers;

(11)      Defendant CITY, PPD failed to adequately investigate citizen complaints against the Defendants and other PPD officers, according to the Los Angeles County civil grand jury report of 2017-2018.

(12)      Defendant CITY, PPD refused to adequately discipline and train individual officers and employees found to have committed similar acts of abuse and misconduct;

(13)      Defendant CITY, PPD refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Defendants and other PPD officers;

(14)      Defendant CITY, PPD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(15)      Defendant CITY, PPD covered up acts of misconduct and abuse by PPD officers and sanctioned a code of silence by and among officers;

(16)      Defendant CITY, PPD rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(17)      Defendant CITY, PPD failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's

written regulations with respect to uses of force;

(18)     Defendant CITY, PPD failed to adequately supervise the actions of officers under their control and guidance;

(19)     Defendant CITY, PPD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the City of Pomona, PPD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(20)    Defendant CITY, PPD condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(21)    Defendant CITY, PPD engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence favorable to defendants and unfavorable to its officers in violation of law and the Constitution.

(22)     Defendant CITY, PPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by September 29, 2016 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and PPD.

23.     By reason of the aforesaid policies, customs, practices and usages, plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution were deprived.

**THIRD CAUSE OF ACTION**

**(VIOLATION OF 42 U.S.C. § 1985 (2) pursuant to clause prohibiting conspiracies for the purpose of impeding, hindering, obstructing, or defeating in any manner the due course of justice in any State with the intent to deny any citizen equal protection of the laws)**

**(By Plaintiff against All Individual Defendants)**

24.     Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 23 of this complaint, and by this reference incorporates and makes each a part hereof.

25.     Commencing September 29, 2016 and thereafter, Defendants AUSTIN DOSSEY #42108, CORPORAL JESUS GARCIA, #30043, CORPORAL ADAM VIERS #40956 and DOES 1-10, inclusive and each of them, in the State of California, County of Los Angeles, by reason of their demonstrated animus against minorities, including African-Americans of which class Plaintiff belongs, invidiously discriminated against Plaintiff in that Defendants willfully searched his home without just cause and then conspired to defeat the due course of justice by lying about the known facts, by corruptly falsifying their arrest reports and probable cause declaration for arrest of plaintiff. Defendants and DOES 1-10, inclusive and each of them, have prior to and since this incident, demonstrated invidious discrimination towards Plaintiff as African-American, and conspired together to act and failed to act in that they willfully and intentionally searched the home of Plaintiff despite express refusal to consent, failed to intervene in the unlawful search of the home, failed to discipline and approved of their inferior officers' actions, failed to investigate properly and independently the facts of the incident, maliciously falsified reports by filing charges and failed to disclose all exculpatory evidence in favor of Plaintiff, as hereinbefore alleged, for the purpose of impeding, hindering, obstructing and defeating the due course of justice in the State of California and County of Los Angeles.

26.     Defendants, and each of them, purposefully, under color of law, planned and

15

conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law and conspiring to defeat the due course of justice in the Superior Court of the State of California.

27.     By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C § 1985 (2).

28.     As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demand and are entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## FOURTH CAUSE OF ACTION

**(VIOLATION OF 42 §1985 (3) pursuant to clause prohibiting conspiracies for the purpose of preventing or hindering the constituted authorities of any State or Territory the equal protection of the laws)**

**(By Plaintiff Against All Individual Defendants)**

29.     Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 28 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

30.     By virtue of the foregoing, Defendants and two or more of them, conspired for the purpose of depriving of Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of (ii) preventing and hindering the constituted

authorities from giving and securing Plaintiffs equal protection of the law and deprivation of liberty and property without due process of law.

31.   Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

32.   As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.   For General damages according to proof;

2.   For Special damages according to proof;

3.   For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.   For Attorney's fees pursuant to 42 U.S.C § 1988;

5.   For Costs of suit;

6.   For such other and further relief as the Court may deem proper.

DATED:      September 10, 2018            MKRTCHYAN LAW

By:
    Narine Mkrtchyan
    Attorney for Plaintiffs

17

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury.

DATED:    September 10, 2018                MKRTCHYAN LAW


_____
By:
Narine Mkrtchyan
Attorney for Plaintiffs