O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE RICKS, | ) | Case No. 18-cv-07862 DDP (PLAx) |
| | ) | |
| Plaintiff, | ) | **ORDER RE: DEFENDANTS'** |
| | ) | **MOTIONS TO DISMISS** |
| v. | ) | **PLAINTIFF'S FIRST AMENDED** |
| | ) | **COMPLAINT** |
| CITY OF POMONA, AUSTIN DOSSEY | ) | |
| #42108, individually and as a peace | ) | [Dkts. 15, 17] |
| officer, CORPORAL JESUS GARCIA | ) | |
| #30043, individually and as a peace | ) | |
| officer, CORPORAL ADAM VIERS | ) | |
| #40956 individually and as a peace officer | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court is Defendants City of Pomona ("City")'s, Corporal Jesus Garcia ("Garcia")'s, and Corporal Adam Viers ("Viers")'s Motion to Dismiss Plaintiff George Ricks' First Amended Complaint ("FAC"). (Dkt. 15.) Also before the Court is Defendant Austin Dossey's Motion to Dismiss. (Dkt. 17.) Having considered the parties' submissions and oral argument the Court adopts the following Order.

**I. BACKGROUND**

On September 29, 2016, Defendants Dossey, Viers, and Garcia responded to a domestic disturbance in Plaintiff's apartment complex where Plaintiff resided with his mother Ms. Hilda Sibley ("Ms. Sibley"). (FAC ¶ 7, at 3.) At the time, Defendants were all employee police officers of City and Pomona Police Department ("PPD") (*Id.* ¶ 3.) The domestic disturbance call was initiated by Plaintiff's ex-girlfriend, Ms. Montoya, after a verbal dispute with Plaintiff. (*Id.* ¶ 7, at 3.) Plaintiff alleges that he was seated on the stairs to his front residence "with a fresh wound" when Defendants arrived. (*Id.*) Plaintiff alleges that after Defendants arrival, Defendants Viers and Garcia were "detaining [him] in the courtyard[, he] was not yet in handcuffs, nor under an arrest," while Defendant Dossey "went to speak with Ms. Montoya." (*Id.*)

After speaking to Ms. Montoya, Defendant Dossey went upstairs to his residence where his mother, Ms. Sibley, was standing and "told her by law he needed to see if there was a handgun in the house and asked if he could enter the house." (*Id.* ¶ 7, at 4.) "Ms. Sibley refused consent, and turned to her son, seated downstairs, shouting to him, asking if he gave the police permission to search his room." (*Id.*) Plaintiff alleges he "loudly and unequivocally for everyone to hear[,] shouted, 'Do not let them in.'" (*Id.*) Plaintiff alleges that Defendant Dossey "nevertheless went into the house, without permission by anyone, any exigency or a search warrant, almost knocking Ms. Sibley down, went straight to the bedroom, [and] started opening the drawers of the dresser . . . [a]fter searching the drawers, [Dossey] located a gun in the third drawer." (*Id.*) Plaintiff alleges that "[n]either [Viers] nor [Garcia], present and aware of the foregoing, intervened and stopped [Dossey's] unconstitutional activity of entering the home without consent, exigency or search warrant." (*Id.*)

Plaintiff alleges that Defendants placed him and Ms. Montoya under arrest for domestic violence with injuries. (*Id.*) Plaintiff further alleges that he was also arrested for "possession of a handgun by an ex-felon after an unlawful search of the house." (*Id.*) Plaintiff alleges that Defendant Dossey later "concocted a false story, in attempts to

2

justify the illegal search of the house," and "wrote in his official crime and arrest report . . . [that] he asked for permission from Ms. Sibley to enter the house and search it for any handguns and she expressly and unequivocally granted him permission." (*Id.* ¶ 7, at 4-5.) Plaintiff alleges Dossey "further wrote that when he entered the house and approached [] Plaintiff's bedroom, he saw the gun laying in plain view in the open dresser drawer." (*Id.* ¶ 7, at 5.) Plaintiff states that the audio recording of the incident "in possession of the Pomona Police Department" confirms Ms. Sibley's protestations and Dossey's search in the drawers. (*Id.*)

Plaintiff alleges that Defendants Viers and Garcia, in "furtherance of the conspiracy and in efforts to mislead the prosecution," "actively corroborated [Dossey's] false story." (*Id.*) Defendant Viers "wrote a supplemental report where he willfully omitted any mention of . . . [Plaintiff's] unequivocal negative response" to a search of his room. (*Id.*) According to Plaintiff, Defendants Viers and Garcia were both "superior rank as corporals and directly involved in the investigation" and neither Viers nor Garcia "attempted to bring these falsifications . . . to the attention of the superiors." (*Id.*) Plaintiff alleges that Defendants Dossey and Viers "submitted their false police reports to the Los Angeles County District Attorney's Office, causing the filing of [a] criminal felony charge of possession of firearm by a felon." (*Id.* ¶ 7, at 6.)

Defendant Dossey further testified at the preliminary hearing and "maintain[ed] his false assertions from the official report, materially discredited by the evidence produced by the defense in the form of live witnesses and documentary evidence." (*Id.*) Defendant Dossey further "falsely testified that Plaintiff confessed to the knowledge and possession of the gun." (*Id.*)

On December 14, 2016, Superior Court Judge Hon. Martinez "found that there was no consent to enter the home and the search was in violation of the Fourth Amendment," leading to the "eventual dismissal of the felony charge against Plaintiff." (*Id.*) Plaintiff filed a citizen complaint against Defendants with the internal affairs of PPD. (*Id.*) Plaintiff alleges that he "suffered loss of employment, shock to his nervous system,

emotional distress and pain and suffering as a result of the combined actions of the Defendants." (*Id.* ¶ 7, at 7.)

Plaintiff filed a FAC on October 25, 2018. (Dkt. 14.) Plaintiff's FAC asserts four causes of action arising out of this incident, (1) against the individual Defendants, various violations of his civil rights under 42 U.S.C. § 1983; (2) against City, unlawful custom and practice under 42 U.S.C. § 1983 (*Monell* liability); (3) against individual Defendants, violation of 42 U.S.C. § 1985(2); and (4) against individual Defendants, violation of 42 U.S.C. § 1985(3).

Defendants move to dismiss portions of Plaintiff's FAC. (Dkt. 15, 17.)

**II. LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. Plaintiff must allege "plausible grounds to infer" that their claims rise "above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint

states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**III. DISCUSSION**

**A. First Cause of Action: 42 U.S.C. § 1983**

Section 1983 provides, in pertinent part, "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "[A] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, 'if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Individual police officers can only be held liable under section 1983 upon a showing of personal participation in the alleged wrongdoing; "there is no respondeat superior liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Personal participation can be demonstrated by showing an officer's "integral participation" via "some fundamental involvement in the conduct that allegedly caused the violation," *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007), or by showing that the individual failed to intervene when the individual "had a constitutional duty to intervene" to prevent the alleged injury. *See Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991).

"Integral participation" does not require that the actions of each individual officer "rise to the level of a constitutional violation," however, it requires that an officer be more than a mere bystander, there must be some fundamental involvement. *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004). For example, an officer who does not enter an apartment but stands at the door providing armed back up, while other officers

5

conduct a search, can be a "full active participant." *Id.* (citing *Melear v. Spears*, 862 F.2d 1177, 1186 (5th Cir. 1989)). On the other hand, an officer who is interviewing witnesses in the front yard and does not participate in the search in any fashion is not an integral participant. *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009).

An officer can also be an integral participant by failing to intercede. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994) rev'd on other grounds). An officer can only be held liable for failure to intercede if the officer "had an opportunity to intercede." *Id.* "Furthermore, bystander officers only have a duty to stop a violation when they know or have reason to know of the constitutional violation." *Monteilh v. Cty. of Los Angeles*, 820 F. Supp. 2d 1081, 1092 (C.D. Cal. 2011) (citing *Ramirez v. Butte–Silver Bow County*, 298 F.3d 1022, 1029-30 (9th Cir. 2002)).

Supervisors may also be liable under section 1983. Although there is no respondeat superior liability, a supervisor may be held liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). One way a causal connection can be established, is by demonstrating that the supervisor "knowingly refused to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001).

### a. Unreasonable Search and Seizure

Plaintiff asserts an unreasonable search and seizure theory under the first cause of action against Defendants Viers, Garcia, and Dossey. The sufficiency of the pleadings is challenged only as to Defendants Viers and Garcia.

Defendants Viers and Garcia argue that the FAC does not have facts to establish that they unreasonably seized Plaintiff because they were conducting an investigatory

6

detention pursuant to the domestic disturbance call. (MTD at 12.) Plaintiff argues that the initial detention was "unlawfully extended by Defendants to search his house without justification." (Opp. at 13.)

The Court finds that the FAC fails to plead facts to state a claim for unreasonable seizure. There are no facts to identify when Plaintiff contends the initial detention became unreasonable. The FAC states that "while investigating the disturbance . . . Viers and Garcia were detaining Plaintiff in the courtyard who was not yet in handcuffs, nor under arrest." (FAC ¶ 7, at 3.) According to Plaintiff, this initial detention was proper. (Opp. at 13.) The FAC proceeds to describe Defendant Dossey's actions and ends by stating that "Defendants arrested him" for two violations. (FAC ¶ 7, at 4.) The FAC does not provide any facts as to Viers and Garcia from the point of initial detention to his arrest. Without detailed facts, the FAC fails to plausibly allege when or how the initial detention was unlawfully extended. The Court finds the unreasonable seizure theory is insufficiently pled.

Defendants also challenge the unreasonable search theory. Defendants Viers and Garcia challenge the theory on the basis that there are no facts to show that they were integral participants in the search or that they "knew of and failed to intervene" in Dossey's alleged unlawful entry. (MTD at 12.) Defendants argue that "merely alleging that the [Defendants] were 'present and aware of' Officer Dossey's actions is insufficient, especially where the facts establish that the [Defendants] were on the first floor near the Plaintiff at the time of the alleged unlawful entry and search of the Plaintiff's residence." (*Id.*)

The FAC alleges specific facts that raise a plausible claim of unreasonable search via integral participation by failure to intercede. The FAC states that Ms. Sibley shouted to Plaintiff, where both Viers and Garcia were standing, "asking if he gave the police permission to search his room," and Plaintiff "loudly and unequivocally for everyone to hear shouted, 'Do not let them in.'" (FAC ¶ 7, at 4.) Viers and Garcia were detaining Plaintiff, were within earshot of Defendant Dossey, heard a request for consent to search,

and heard Plaintiff deny consent. This is sufficient to plausibly infer that Viers and Garcia had knowledge that there was no consent for Dossey to enter Plaintiff's home, that it would be a constitutional violation if Dossey entered, had an opportunity to stop it, and failed to intercede. *See Ramirez*, 298 F.3d at 1029-30.

Supervisor liability is also sufficiently pled as to Garcia, Defendant Dossey's alleged supervisor. The FAC states, "Defendant Garcia was the superior officer for Dossey during the period of time and specifically charged with supervising Dossey." (FAC ¶ 7, at 5.) The facts alleged in the FAC are sufficient to plausibly infer that Garcia, Dossey's supervisor, knew of the search without consent because he heard Plaintiff deny consent, and did not terminate Dossey's acts nor did he inform his superiors. *See Dubner*, 266 F.3d at 968.

The Court finds an unreasonable search is sufficiently pled as to Viers and Garcia.

### b. *False Arrest and Imprisonment*

Plaintiff asserts a false arrest and imprisonment theory under the first cause of action against Defendants Viers, Garcia, and Dossey. The sufficiency of the pleadings is challenged only as to Defendants Viers and Garcia.

Defendants challenge the theory of false arrest and imprisonment on the basis that the FAC does not "establish that Defendants [ ] had any 'fundamental involvement' in the decision to arrest the Plaintiff on the date of the subject incident." (MTD at 12-13.) Plaintiff argues that Defendants "equally with Dossey made the determination to arrest Plaintiff for possession of a firearm and transported him to the station." (Opp. at 14.)

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment." *Dubner*, 266 F.3d at 964. The FAC sufficiently pleads that Viers and Garcia integrally participated in Plaintiff's arrest and that they failed to intercede in the arrest. The FAC states that "Defendants placed both Plaintiff and [Ms. Montoya] under arrest for PC 273.5 (domestic violence with injuries) . . . [and] Plaintiff was also arrested for felony PC 29800(a)(1) possession of a handgun by an ex-felon." (FAC ¶ 7, at 4.) Although the FAC could have pled the false arrest claim more clearly and organized as to

each individual Defendant, the facts allege that Viers and Garcia were physically present, and were, at a minimum, aware of the decision to arrest and did not object or otherwise intervene.

The Court finds false arrest and imprisonment is sufficiently pled as to Viers and Garcia.

### c. Malicious Prosecution

Plaintiff asserts a malicious prosecution theory under the first cause of action against Defendants Viers, Garcia, and Dossey. The sufficiency of the pleadings is challenged only as to Defendants Viers and Garcia.[1]

Defendant Viers contends that the allegations as to him "are limited to the omission of information in his supplemental report . . . [he] did not prepare the main report, and there are no facts alleged to support the allegation that the supplemental report was considered by the District Attorney." (Reply at 9.) Defendant Garcia argues that there are no facts that he "authored any report relating to this incident/arrest or had any direct involvement in the underlying criminal case." (MTD at 14.)

"Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (citing *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002)). The filing of a criminal complaint gives rise to a rebuttable presumption that "the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time," thus immunizing investigating officers for damages suffered after the filing of the complaint. *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled on other*

---

[1] Although Defendants Viers and Garcia also argue that Plaintiff's claim for judicial deception should be dismissed, Defendants' motion does not adequately identify or address any purported deficiency in the judicial deception claim, specifically. Therefore, the Court does not reach the sufficiency of this claim and Defendants' motion is denied as to this claim.

9

*grounds by Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008). The independent judgment presumption may be overcome by evidence that a prosecutor relied on arresting officers' reports that omitted crucial information or contained misrepresentations. *Newman v. County of Orange*, 457 F.3d 991, 994 (9th Cir. 2006).

The FAC sufficiently pleads malicious prosecution against Defendants Viers and Garcia. The facts allege that Defendant Viers submitted a supplemental report to the district attorney that omitted crucial information. The report omitted that Viers heard Ms. Sibley ask Plaintiff if he consented to a search, Plaintiff denied consent, and that the search was conducted despite having no consent. At the pleading stage, these facts are sufficient to allege malicious prosecution against Viers.

Furthermore, as to both Defendants Viers and Garcia, withholding crucial information, from their superiors, and from the district attorney, is sufficient for a claim of malicious prosecution against them. *See Awabdy*, 368 F.3d at 1067 ("[T]he presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, *or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings*." (emphasis added)).

The Court finds malicious prosecution is sufficiently pled as to Viers and Garcia.

        d. *Conspiracy*

Plaintiff asserts a conspiracy theory under the first cause of action against Defendants Viers, Garcia, and Dossey. The sufficiency of the pleadings is challenged by the three individuals.

As a preliminary matter, the parties disagree about the pleading standard in a section 1983 conspiracy claim. Defendants argue that *Harris* and *Lee* require a "heightened pleading" standard while Plaintiff argues that there is no heightened pleading requirement. (*See* MTD at 4; Dossey MTD at *ii*; Opp. at 6.)

The Supreme Court decided *Twombly* and *Iqbal* after both *Harris* and *Lee*. *Twombly* dealt with the pleading standard for an alleged conspiracy, though not in a section 1983 action. The Supreme Court held that pleading conspiracy required more than notice, it required "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Neither party briefed the implications of *Twombly* to *Harris*'s and *Lee*'s heightened pleading standards, nor did they provide subsequent Ninth Circuit authority requiring, in section 1983 conspiracy claims, something other than what *Twombly* requires: factual allegations that rise above the speculative level.

The Court finds no difference in pleading section 1983 conspiracy cases and pleading consistent with *Twombly* and *Iqbal*; there must be sufficient factual allegations to state a claim of relief that is plausible on its face as to the alleged existence of a conspiracy. *See Harris*, 126 F.3d at 1195 ("In order to survive a motion to dismiss, plaintiffs alleging a conspiracy to deprive them of their constitutional rights must 'include in their complaint nonconclusory allegations containing evidence of unlawful intent . . .'"); *Lee*, 250 F.3d at 679 n.6 ("to survive a [Rule 12(b)(6)] motion to dismiss, plaintiffs must state in their complaint nonconclusory allegations setting forth evidence of unlawful intent." (citations omitted)).

To state a claim for conspiracy under section 1983 plaintiff must state specific facts to support, "(1) the *existence* of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Ting*, 927 F.2d at 1512 (emphasis added); *see also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). There must be an agreement or meeting of the minds to violate a plaintiff's constitutional rights. *See Woodrum v. Woodward* Co., 866 F.2d 1121, 1126 (9th Cir. 1989). A formal agreement is not necessary; an agreement may be inferred from the defendant's acts pursuant to this scheme or other circumstantial evidence. *See United States v. Clevenger*, 733 F.2d 1356, 1358 (9th Cir. 1984).

The FAC sufficiently pleads circumstantial evidence to infer the existence of an agreement to "cover up" the unlawful search and withhold crucial information from the

prosecutor. (FAC ¶ 12.) Defendant Dossey knew that he did not have consent to search the home and no exigency or search warrant existed, (*Id.* ¶ 7, at 4), Defendants Viers and Garcia heard Plaintiff deny consent for a search, (*Id.*), Defendants jointly arrested Plaintiff, (*Id.*), Defendant Dossey submitted a false police report asserting false information and omitting the lack of consent, (*Id.* ¶ 7, at 4, 5), Defendant Viers omitted from his report facts relevant to the lack of consent and submitted the report to the district attorney, (*Id.* ¶ 7, at 5), and Defendant Garcia failed to intervene as Dossey's direct supervisor, before, during, and after the alleged violations, failed to inform his supervisors, and failed to provide crucial information to the district attorney, (*Id.*). These factual allegations give rise to the inference of an agreement between Dossey, Viers, and Garcia.

Defendants' contention that Plaintiff must identify "when" the Defendants allegedly had a "meeting of the minds" goes too far. Facts from which an agreement can plausibly be inferred is all that is required at the pleading stage; Plaintiff does not need to allege precisely *when* the agreement took place.

The Court finds conspiracy is sufficiently pled as to Viers, Garcia, and Dossey.

**B. Second Cause of Action: *Monell* Claim**

Defendant City contends that the claim asserted against it is supported only by "legal conclusions and a spattering of other cases with no further explanation."

In *Monell v. Dept of Soc. Servs.*, the Supreme Court held that municipalities and other local government units could be held liable under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Court explained, however, that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . on a respondeat superior theory." *Id.* at 691. Rather, a plaintiff must establish that the constitutional violation was caused by "a policy, practice, or custom of the entity." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A plaintiff must identify the training or hiring practices and policies that plaintiff alleges are deficient, explain how

such policy or practice was deficient, and explain how such a deficiency caused harm to the plaintiff. *Young v. City of Visalia*, 687 F. Supp. 2d 1141, 1149-50 (E.D. Cal. 2009).

The FAC sufficiently pleads *Monell* liability against the City of Pomona for policies, practices, or customs including: (1) City "required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses"; and (2) City maintains and permits wrongs described in the FAC by "deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence." (FAC ¶ 20, 21.)

Although some paragraphs of the FAC are conclusory in nature, (FAC ¶¶ 12-22), these are not fatal to the *Monell* claim. The FAC provides sufficient factual allegations that plausibly give rise to *Monell* liability. Specifically, the FAC alleges that "the United States Attorney indicted Pomona police officers, including Internal Affairs Sergeant . . . for fabricating reports, lying to the FBI, and covering up and refusing to properly investigate," (FAC ¶ 22(2)); Defendant Dossey was "placed on the Brady list of the LA County DA's Office as it was uncovered that he had lied about activating his lights and sirens in the official crime and arrest report" of another incident, (*Id.* ¶ 22(3)); City and PPD "employed and retained Defendant Dossey with full knowledge he had worked at the Rialto Police Department with similar pattern of misconduct," (*Id.* ¶ 22(6)); Defendant City and PPD "failed to do adequate background investigations as required by Cal. Gov. C. 1031 before hiring," (*Id.* ¶ 22(10)); "failed to adequately investigate citizen complaints . . . according to the Los Angeles County civil grand jury report of 2017-2018," (*Id.* ¶ 22(11)).

The facts listed above support the allegation that City had a hiring practice of failing to perform adequate background checks and led to employment and retention of officers with demonstrated dishonesty. The facts also support Plaintiff's allegation that

City has a practice of deliberate indifference to police abuses by failing to impartially investigate, discipline, and prosecute officers who commit felonious dishonesty.

Causation is also sufficiently alleged. But for City's policy of hiring without adequate background checks and with knowledge of misconduct, and retaining after misconducts, failing to investigate, and failing to discipline, Defendant Dossey, who had a demonstrated record of falsifying police reports, Plaintiff would not have been deprived of his rights to be free from an unreasonable search, maliciously prosecuted, and subject to a false confession being presented.

Plaintiff's second cause of action is sufficiently pled.

### C. 42 U.S.C. § 1985(2) And 42 U.S.C. § 1985(3)

Plaintiff asserts section 1985(2) and section 1985(3) claims against Defendants Dossey, Viers and Garcia. The sufficiency of the pleadings is challenged by the three individuals.

Sections 1985(2) and 1985(3) require "intent to deprive of equal protection, or equal privileges and immunities . . . there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." *Griffen v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Hoffman v. Halden*, 268 F.2d 280 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

Defendants argue that the FAC fails to provide a factual basis for discriminatory purpose for the alleged violations against Plaintiff. Plaintiff argues that the "exact extent of race-based discrimination and motive of Defendants can be only gleaned through discovery available to the City." (Opp. at 24.)

The FAC insufficiently pleads discriminatory intent. Although the facts are sufficiently pled to state a claim for conspiracy, a requirement for section 1985 claims, there are no facts to plausibly infer discriminatory intent behind the actions of any of the

Defendants. The allegations of discriminatory intent are conclusory in nature and fail to state a claim for relief.

Plaintiff's third and fourth causes of action are insufficiently pled.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

The Court denies Defendants Viers' and Garcia's motion to dismiss Plaintiff's First Cause of Action for unreasonable search, false arrest, malicious prosecution, judicial deception, and conspiracy claims. The Court denies Defendant's Dossey's Motion to Dismiss Plaintiff's First Cause of Action's conspiracy claim against him.

The Court grants Defendants Viers' and Garcia's motion to dismiss the unreasonable seizure theory without prejudice, to the extent it applies to the pre-arrest seizure, and grants Viers', Garcia's, and Dossey's, motion to dismiss the third and fourth causes of action without prejudice.

Any amended complaint must be filed no later than fourteen days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 1-23-19

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE